Nov. Term, 1858.

THE BOARD OF COMMISSIONERS OF SWITZERLAND COUNTY
v. HEDGES and Another. ,

THE BOARD OF COMM'RS v. HEDGES.

Upon appeal from an order of a county board for the payment of the damages assessed by reviewers of a highway, together with the costs, out of the county treasury, the board is a proper party, and, as such, must be governed by the rules of practice that obtain as to other parties.

APPEAL from the *Switzerland* Court of Common Pleas.

Friday, December 10.

HANNA, J.—*Hickman*, and some forty others, presented a petition to the board of county commissioners, praying for the re-location, &c., of a certain road. Viewers were appointed, who made a report, showing, among other things, that, deeming the road of public utility, they had located it across the lands óf *Hedges* and of *Francis*, among others. *Hedges* and *Francis* filed a joint, and *Francis* a separate, remonstrance, alleging damage, and praying the appointment of reviewers to assess the damages by them sustained. Reviewers were appointed, who reported that the damage to *Hedges* by the construction of the road would be 15 dollars, and to *Francis* 25 dollars. They appealed jointly to the Common Pleas Court, where the claims were jointly heard by a jury, and a verdict returned for the claimants, and the damages of *Hedges* were assessed at 85 dollars, and of *Francis* at 25 dollars; upon which a judgment in favor of each claimant was rendered against the board of county commissioners, for the amount assessed and costs, to be paid out of the county treasury. The board of commissioners appeals to this Court.

There was no exception taken to any ruling of the Court, other than the decision on a motion by the board, to have judgment rendered against *Francis* for costs; nor was there any motion for a new trial. The evidence is not in the record.

There are many points attempted to be presented by the assignment of errors and brief of counsel, the consideration of which depends upon whether the appellant in this

Nov. Term,
1858.

DENNY
v.
THE INDI-
ANA, &c.,
RAILWAY Co.

case must abide by the rules governing adversary parties in ordinary cases.

It is insisted in argument, that the board was not a proper party to the appeal in the Common Pleas Court; and, therefore, was not liable for costs; that it was, after the order of re-location had been made, a proceeding between the petitioners on the one part, and those who remonstrated on the other, and the board acted as a Court to determine between the parties, and not as a party.

This position would appear more reasonable, if the damages assessed by the reviewers were to be paid by the petitioners; but by the statute (1 R. S. p. 312, § 21), if the board shall consider such highway to be of sufficient importance to the public, they shall order the costs and damages to be paid out of the county treasury. In this case, the board did so order, and that the road· be established, &c. And from this order the appeal was taken. As it was a claim for damages for the location of the road, which damages, whatever sum might be recovered, would, under the statute, be drawn from the county treasury, the board was a proper party, and as such must submit to and be governed by the same rules of practice that obtain as to other parties.

This being the case, there was no exception taken which would enable us to review any part of the record, other than the judgment for costs, which we think is correct.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*E. Dumont* and *O. B. Torbet*, for the appellants.