## Huntington, Trustee of Sugar Creek Township, *v.* Smith and Another.

MANDATE.—HIGHWAYS.—Proceeding by mandate to compel a township trustee to levy a tax to pay the damages awarded by the Circuit Court in a proceeding for the construction of a township road.

*Held*, that it was not competent for the trustee, in answering to the alternate writ of mandate, to attack the regularity of the proceedings before the trustees on the trial of the petition for the location of the road. That question could only be presented for review by an appeal on behalf of the trustees from the original judgment.

*Held*, also, that it was the duty of the trustee, with the concurrence of the county board, to levy the tax, and that there was no money in the township treasury was no answer to the application for the mandate.

APPEAL from the *Shelby* Circuit Court.

RAY, J.—Proceedings for a mandate to compel the Trustee of *Sugar Creek* township, *Shelby* county, to comply, by the levy of a tax to provide the funds, with an order and judgment of the Circuit Court rendered at the *April* term, 1860, requiring such trustee to pay out of the township treasury the sum of $370, the damages awarded on account of the proposed construction of a township road. A copy of the judgment is set out with the petition.

The answer of the trustee attempts to attack the regularity of the proceedings before the trustees. This can not be done in this proceeding. The trustees could have appealed from the original judgment, and not having done so they cannot collaterally attack the judgment on this motion for a mandate. The power of the board of county commissioners to appeal from an order requiring the payment of money out of the county treasury, upon the location of a highway, was declared in the case of *The Board of Commissioners of Switzerland County* v. *Hedges et al.*, 11 Ind. 291, and the same rule applies to township trustees under the same circumstances. It may perhaps be doubted whether the trustees would have been permitted even on appeal to

question the jurisdiction they had themselves assumed in the case, but we are clear that they cannot present the question in this court for the first time upon an appeal from the mandate issued to compel compliance with the final judgment of the Circuit Court.

It is made the duty of the township trustee, with the advice and concurrence of the board of county commissioners, to levy a tax on the property of the township for township, road and other purposes. 1 G. & H., § 8, p. 638. And the plea, therefore, made in this case, that there was no money in the township treasury, was no answer to the motion for a mandate requiring the trustee to levy a tax to procure the required funds.

The judgment is affirmed, with costs.

*S. Major*, for appellant.

*M. M. Ray*, for appellees.