THE STATE *ex rel.* WILSON v. RAINEY *et al., Appellants.*

1. **Municipal Bonds**: TAX LEVIED TO PAY JUDGMENT OF FEDERAL COURT ON: STATE COURTS WILL NOT INTERFERE. When a county court, acting in obedience to a mandate from the Federal court and in conformity with the laws of the State authorizing the levy of taxes to pay county indebtedness, has levied a tax for the purpose of paying a judgment of the Federal court against the county, the courts of this State will not interfere to prevent its collection, on the ground that bonds on which the judgment was rendered were void. The judgment of the Federal court will be held conclusive of their validity.

2. **Judgment against a County, Binding on all Tax-payers.** A judgment against a county, or its legal representatives, in a matter of general interest to all the people, as one respecting the levy and collection of a tax, is binding upon all the citizens and tax-payers of the county.

3. **Municipal Bonds**: CONFLICT OF STATE AND FEDERAL DECISIONS. The courts of this State will respect as valid a judgment of a Federal court against a county on its bonds, notwithstanding the same bonds are held by them to be void.

4. **Sherwood, C. J.,** dissented upon the foregoing propositions.

5. **Power of Courts in Compelling Levy of Taxes.** When the legislature has clothed a municipal corporation with the right to levy taxes to pay debts, any court having jurisdiction to enforce the payment of a debt, may by mandamus compel the corporate authorities to levy a tax in conformity with the mode prescribed and to the extent of the power conferred by law; but beyond this no court can go.

6. **Taxes.** A levy of taxes made prior to the 28th day of March, 1879, is not affected by the act of that date entitled "An act concerning the assessment, levy and collection of taxes, and the disbursement thereof." R. S. 1879, § 6798, *et seq.*

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED. *Rehearing Denied.*

*Thrasher & Young* for appellants.

The bonds and coupons on which Davis obtained judgment were void. *State ex rel. v. Garroutte,* 67 Mo. 445;

*State ex rel. v. Dallas Co.*, 71 Mo. 329. The judgment is void for want of jurisdiction in the Federal court. *Baker v. Johnson*, 41 Me. 15, 24; *Weil v. Greene Co.*, 69 Mo. 281; *Beers v. Haughton*, 9 Pet. 329. Greene county can only be sued in the circuit court of Greene county. Wag. Stat., 408, § 4. Davis' judgment is not in legal effect a judgment against the defendants to this suit. They have had no opportunity to be heard in defense of the same, no day in court; and are not individually bound by such judgment as to any matter affecting their rights as individuals. *Rees v. City of Watertown*, 19 Wall. 122; *Emeric v. Gilman*, 10 Cal. 408; *Westervelt v. Gregg*, 12 N. Y. 211; *Meriwether v. Garrett*, 102 U. S. 472; *s. c.*, 23 Alb. L. J. 29. As a general rule, the Federal courts are bound to follow the decisions of the State court on questions involving the construction of the statute laws and constitution of a State, but the State courts are not bound to follow the decisions of the Federal courts, except in cases where they have been reversed by the Federal court, on appeal or writ of error, in suits involving a Federal question. *Adams v. Nashville*, 95 U. S. 19; *Leffingwell v. Warren*, 2 Black 599; *Christy v. Pridgeon*, 4 Wall. 196; *Peik v. Chicago, etc., R'y Co.*, 94 U. S. 164; *Town of South Ottawa v. Perkins*, 94 U. S. 260, 267; *Chicago v. Robbins*, 2 Black 428; *Allen v. Massey*, 17 Wall. 351; *Townsend v. Todd*, 91 U. S. 452. Taxes in this State can only be assessed, levied and collected by the State and municipal officers in the manner and to the extent provided by the statutes of the State, and no court has power to assess, levy or collect taxes independent of said laws or officers. *U. S. v. Clark Co.*, 95 U. S. 769; *State v. Shortridge*, 56 Mo. 126; *State v. Macon Co. Ct.*, 68 Mo. 29; Hilliard Taxation, § 22; *Rees v. Watertown*, 19 Wall. 107. The act of March 28th, 1879, repealed the law under which the tax in controversy in this case was levied; the tax is, therefore, no longer collectible. *Meriwether v. Garrett, supra.*

*Botsford & Williams* for respondent.

Greene county, as a municipal corporation or political subdivision of the State of Missouri for municipal purposes, is a citizen of the State, and as such liable to suit in the United States circuit court on demands arising against it in favor of citizens of other states. *Cowles v. Mercer Co.,* 7 Wall. 121; *Lyell v. Lapeer Co.,* 6 McLean 450; *McCoy v. Washington Co.,* 3 Wall. Jr. 381. Having jurisdiction of the parties and of the subject matter, the judgment rendered in Davis' suit is conclusive of the indebtedness of the county to Davis, and of his right to recover therefor. So long as it remains unsatisfied and unreversed, that judgment cannot be collaterally attacked. *Reed v. Vaughan,* 15 Mo. 137; *McCormick v. Sullivant,* 10 Wheat. 192; *Kennedy v. Bank,* 8 How. (U. S.) 586; *Huff v. Hutchinson,* 14 How. (U. S.) 586; *Voorhees v. Bank,* 10 Pet. (U. S.) 449; *Bernecke v. Miller,* 44 Mo. 111, 102; *Perryman v. State,* 8 Mo. 209. The judgment not being paid, Davis was entitled to the mandamus to compel the county court to levy the tax. *Board of Commissioners of Knox Co. v. Aspinwall,* 24 How. 376; 2 Dill. Munic. Corp., § 685; High Ex. Leg. Rem., § 351; *Heine v. Levee Comms.,* 19 Wall. 655; *Riggs v. Johnson Co.,* 6 Wall. 195, 166; *State v. Pacific,* 61 Mo. 155. And in such proceeding the judgment is conclusive. *Supervisors v. U. S.,* 4 Wall. 435; *U. S. v. New Orleans,* 98 U. S. 381; *Pitts v. Fugate,* 41 Mo. 405; *Huntington v. Smith,* 25 Ind. 486; *Supervisors v. Durant,* 9 Wall. 415; *Mayor v. Lord,* 9 Wall. 413; *McBane v. People,* 50 Ill. 505. Whatever may have been the character of indebtedness of defendant corporation, it merged into the judgment, and its validity cannot be impeached or called in question in this action. Freeman on Judg., §§ 215, 216, 217, and cases cited; *U. S. v. New Orleans,* 98 U. S. 381; *Pitts v Fugate,* 41 Mo. 405. The levy of the tax in controversy by the county court in obedience to the lawful mandate of the

court establishing this debt, by a valid judgment, was a rightful and proper exercise of the taxing power of the county court, and its action is binding on the inhabitants and tax-payers of the county. *Clark v. Wolf*, 29 Iowa 197; *State ex rel. v. Macon Co. Ct.*, 68 Mo. 29, 46; *McPherson v. Foster*, 43 Iowa 43, 62; *Railroad Co. v. County of Osceola*, 45 Iowa 174; *McCoy v. Washington Co.*, 3 Wall. Jr. 381; *Supervisors v. Schenk*, 5 Wall. 772, 784; *Comr. of Knox Co. v. Aspinwall*, 21 How. 539; *Merchant Bank v. Bank*, 10 Wall. 645, 604; *Railroad Co. v. State*, 8 Heisk. 788; *State ex rel. v. Milwaukee*, 15 Wis. 250; *Mt. Pleasant v. Beckwith*, 100 U. S. 514, 532; *Ray Co. v. Vansycle*, 96 U. S. 688, 675.

NORTON, J.—Wendell T. Davis, a citizen of Massachusetts, obtained judgment by default against Greene county, in the circuit court of the United States for the western district of Missouri, in the year 1875, in the sum of $13,382.40, for over-due interest coupons issued by said Greene county in favor of the Hannibal & St. Joseph Railroad Company to aid in building the Kansas City & Memphis branch of said road. To enforce this judgment the said United States circuit court issued a mandamus to the county court of Greene county, in obedience to which the said county court duly levied a tax of twenty cents on each $100 in value on all the taxable property in said county for the year 1878, which was duly extended on the tax-books, which were delivered to relator, as collector of said county, for collection. Defendant Rainey, a duly licensed merchant of said county, against whose goods, wares and merchandise a portion of said tax, amounting to the sum of $11.40, had been levied, refused to pay the same, and said tax remaining delinquent and unpaid, relator, as collector of said county, instituted this suit in the circuit court of Greene county against defendant, upon his bond as a merchant, to recover said tax. Defendants in their answer set up substantially that the judgment, for the payment of which the tax had been levied, was founded on interest

coupons detached from certain bonds issued by the county court of Greene county, to the Hannibal & St. Joseph Railroad Company, and that said bonds and coupons were issued without authority of law and were utterly void, and that, therefore, the tax levied was void.

Upon trial the circuit court rendered judgment for plaintiff, from which defendants have appealed; and the error assigned grows out of the action of the court in giving the following instructions, viz: (1) "That the judgment of the United States circuit court in favor of Wendell T. Davis, and against Greene county, is a final determination of the rights of the parties to that action, and is conclusive of every fact necessary to uphold it." 2. "That the order of the county court of date of February 6th, 1878, is a levy of taxes to pay a judgment of the United States circuit court for the western district of Missouri, regular upon its face, and not for the purpose of paying interest coupons on bonds of the county, and although it is admitted said judgment was rendered upon such coupons, the facts stated in the answer showing that the county was not liable thereon, came too late after final judgment, and cannot be inquired into in this action." The giving of these instructions over defendant's objection, and the refusal to give instructions asked by him directly the opposite of those given, constitute the error complained of.

The fact that the circuit court of the United States had jurisdiction over the subject matter involved in the 1. MUNICIPAL BONDS tax levied suit of Davis against Greene county, as well to pay judgment of federal courts as of the parties thereto, is not seriously on; state courts will not interfere. questioned by counsel, and if it were, its jurisdiction in such matters is established by the following authorities: *Cowles v. Mercer Co.*, 7 Wall. 12↓; *Lyell v. Lapeer Co.*, 6 McLean 450; *McCoy v. Washington Co.*, 3 Wall. Jr. 381; *Weil v. Greene Co.*, 69 Mo. 281. The jurisdiction of the circuit court of the United States being thus established both over the parties to the suit and the subject matter of it, the judgment rendered therein is not

open to collateral attack, nor have we the power to review it and say that the Federal court committed error in rendering it. This power is conferred alone upon some court having appellate jurisdiction from the judgment of the United States circuit court, and can only be exercised by such appellate tribunal when such judgment is brought before it for review either by appeal, writ of error or *certiorari*. *Bernecker v. Miller*, 44 Mo. 111; *Reed v. Vaughan*, 15 Mo. 137; *McCormick v. Sullivant*, 10 Wheat. 192; *Kennedy v. Bank*, 8 How. 586; *Voorhees v. Bank*, 10 Pet. 449. The cause of action in the case of Davis against Greene county was merged in the judgment, and the effect of the judgment was to establish conclusively against the county a debt which it was bound to pay, and the levy of the tax in question to pay it having been made in obedience to the mandate of the court making the judgment, and in conformity with the laws of the State then in force authorizing county courts to levy taxes for the payment of county indebtedness, the payment of such tax cannot be avoided on the ground that the bonds for the interest on which the judgment was rendered were void, for that question was conclusively determined against the county in the judgment rendered, and will so remain till reversed or annulled by some court having the power to review it. *State ex rel. v. Pacific*, 61 Mo. 155; 2 Dill. Munic. Corp., § 351, p. 249; *Supervisors v. U. S.*, 4 Wall. 435; *Pitts v. Fugate*, 41 Mo. 405; 98 U. S. 381; 9 Wall. 413; 50 Ill. 505; 25 Ind. 486; 15 Wis. 122; 29 Iowa 197.

It has been argued by counsel with much plausibility and ability, that plaintiff is not bound by the judgment rendered in the case of Davis against Greene county, or the judgment rendered in the mandamus proceeding to compel the county court to pay, because he was not a party *eo nomine* in either proceeding. We have not been able to find, nor have we been cited to any authority sustaining this position of counsel. On the contrary, all the authorities we have ex-

2. JUDGMENT AGAINST A COUNTY, BINDING ON ALL TAX-PAYERS.

amined touching this point overthrow the position. In the case of *Clark v. Wolf*, 29 Iowa 197, the precise question was considered at length, and it was there held that a judgment against a county or its legal representatives, in a matter of general interest to all the people thereof, as one respecting the levy and collection of a tax, is binding not only on the official representatives of the county named in the proceeding as defendants, but upon all the citizens thereof though not made parties defendant by name. This we think is so both on principle and authority, for in suits of the character mentioned the legally constituted representatives of the county stand in the place of each citizen of the county who is liable to be called on as a tax-payer to contribute his proper proportion to liquidate the demand which a judgment may establish.

It has also been ably and earnestly insisted, that as this court in the case of *State ex rel. Wilson v. Garroutte*, 67 Mo. 445, held that the bonds, from which were taken the coupons on which the judgment in favor of Davis against Greene county was rendered, were void, it, therefore, follows that we should disregard and hold for naught said judgment and all proceedings had under it, though such judgment was rendered and such proceedings were ordered by a court having full jurisdiction of the subject, and over whose judgment we have no appellate or revisory jurisdiction whatever. That a conflict exists between this and the Federal courts as to the validity of these bonds must be conceded. Such conflicts always bring up for determination, questions of a delicate, important and embarrassing character, which, when they arise must be so treated as to preserve the integrity of each tribunal respectively, without any encroachments upon the jurisdiction of either, leaving the responsibility of such conflicting adjudications upon the shoulders of those who make them. Such a question was so treated by this court in the case of the *State ex rel. v. Holladay*, 72 Mo. 499.

*8. MUNICIPAL BONDS: conflict between state and federal decisions.*

When there are two jurisdictions, independent of each other, having the right to pass upon such questions as are involved in this controversy, these conflicts will occur, and when they do occur, neither jurisdiction should undertake to exercise appellate power over the other when none is possessed. There is a mutual and reciprocal rule recognized by all the authorities, that while the State courts may not interfere with the power of the Federal courts, neither shall the Federal courts interfere with those of the State. And while it may be safely affirmed, that when the law-making power has clothed a municipal corporation with the right to levy taxes to pay indebtedness contracted by it, a court possessed of jurisdiction to enforce the payment of such debt, may, by mandamus in a proper case made, compel the authorities of such corporation to levy such tax in conformity with the mode prescribed and to the extent of the power conferred by the law, it may on the other hand be also safely affirmed that the authorities of such corporation can only be compelled to proceed to levy a tax in cases where the legislature has conferred the authority on the corporation either in express terms or by necessary implication. Neither the State nor Federal courts can invade the powers belonging to the legislative department and confer such power. The only function which belongs to them is to compel the exercise of the power, when conferred by the legislature, and when it is necessary that it should be exercised in order to the payment of a debt. If no such power has been conferred, the appeal in such case should be made to the legislature, and not to the courts. *Meriwether v. Garrett*, 102 U. S. Rep. 472; *s. c.*, 23 Albany Law Journal 29.

This case is distinguishable from the case of the *State ex rel. Watkins v. Macon Co. Ct.*, 68 Mo. 29, to which we have been cited as sustaining the position of defendants' counsel. In that case we refused a writ of mandamus to compel the county court to levy a tax to pay a debt against

*Marginal note: 5. POWER OF COURTS IN COMPELLING LEVY OF TAXES.*

the county established by a judgment, because the law authorizing the creation of that particular debt put an express limitation on the power of the county court to levy a tax to pay it, they being, in terms clear and unmistakable, limited to the imposition of a tax not exceeding the one-twentieth of one per cent in each year. This power had been exhausted by the court, and it having always levied the tax authorized, we refused the writ, mainly upon the express ground that no power had been conferred on the court to levy a tax in excess of that prescribed by the law; and held that it was not the province of this court to compel the county court to exercise a power which the legislature had withheld and never conferred upon it.

The act of the general assembly approved March 28th, 1879, entitled an act " concerning the assessment, levy and collection of taxes and the disbursement thereof," to which our attention has been called, has no bearing on the question involved, inasmuch as the act by its terms refers only to taxes thereafter to be "assessed, levied and collected," and not to such taxes which had been (as in this case) levied prior to the time the said act was passed, and which were in process of collection. We think the case was tried on the proper theory, and for the reasons herein given, the instructions given by the court were properly given. Judgment affirmed, in which all concur, except SHERWOOD, C. J., who dissents.

6. TAXES.

SHERWOOD, C. J., DISSENTING.—These are the grounds upon which I dissent from the foregoing opinion.

I.

The judgment rendered in the Federal court in favor of Davis, and against the county of Greene is not binding on the defendant Rainey. Neither is he concluded thereby. It is only the assertion of elementary law to say that a man, who is not a party to a suit, and who could not have

been made such at his instance, is not bound by any judgment or decree therein rendered—unless in those instances where he is either a privy in blood or estate with the party against whom the judgment was rendered. No such privity will be affirmed as existing between a county and its citizens. The only valid grounds, then, upon which it can be urged that a citizen is bound and barred by a judgment against a county, is, that he either was a party to the suit, or else might have been made such at the instance of the adversary, or at his own instance. Unless this was or could have been done, a citizen of a county cannot be said to have had his day in court, and if he has not had this day to hold that a judgment rendered against the county would bind him, would shut his mouth, would prevent him from denying the validity of the alleged debt, and the validity of the judgment based thereon, would be contrary to that elementary and fundamental principle which forbids the property of any man to be taken without "due process of law."

Aside from questions of privity not presented by this record, it is clear from the authorities that the test question in all cases where it is asserted that a man is bound by a judgment is this: Was he a party to the suit, or could he have become such? Will it be contended for a moment that when the county of Greene was sued, that Rainey, if ever so desirous, could have been made a party defendant along with the county? If he could not have been, then plainly he could not be bound, or in any way concluded by the result of a suit to which he neither was, nor yet could have been made a co-defendant. Mr. Bigelow says: " It is a general principle, fundamental to the doctrine of *res judicata*, that personal judgments conclude only parties to them and their privies." Bigelow Estop., p. 59. Mr. Greenleaf says: " Parties, in the larger legal sense, are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the. decision, if an appeal lies.'

1 Greenleaf Ev., § 535. Rainey possessed no such rights. Had he attempted in the suit of Davis against the county, to exercise any such, he would have been promptly rebuked for his impertinence; his unwarranted and unwelcome intrusion. Is he then bound by the judgment in that suit? Plainly he is not, if we follow the authorities, and the principle which they enunciate.

This principle is extensively discussed and asserted in *Strong v. Ins. Co.*, 62 Mo. 289, where the case of *Robbins v. City of Chicago*, 4 Wall. 657, is cited with approval. There Robbins, when sued by the city, was held bound by the judgment recovered by Woodbury against the latter, on the express ground that Robbins "knew the suit was pending and could have defended it." This principle is also avowed by the Supreme Court of the United States in *Rees v. Watertown*, 19 Wall. 107. There Rees had recovered judgment against the city of Watertown, and had vainly endeavored by mandamus to collect the judgment thus recovered. The counsel for Rees contended concerning the city that: " The defendant is the same that contracted the debt. 　*　　*　　It is the embodiment of the citizens to act for them in this matter, made and unmade by them at their pleasure, so far as filling the offices and controlling their action is concerned. It had authority to borrow money for the citizens, to spend it for the citizens, and to defend against the payment of it at the expense of the citizens. In short, it had ample and exclusive authority to represent the citizens at every stage." But the Supreme Court took a widely different view in reference to a citizen of Watertown being bound by the judgment rendered against the city, and in speaking on this point, said: " He has never been heard in court. He has had no opportunity to establish a defense to the debt itself, or if the judgment is valid, to show that his property is not liable to its payment. 　*　　*　　The proceeding supposed would violate that fundamental principle of *Magna Charta* embodied in the constitution of the United States, that no man shall

be deprived of his property without due process of law—that is, he must be served with notice of the proceeding and have a day in court to make his defense. * * Whether, in fact, the individual has a defense to the debt * * is not important. To assume that he has none, and, therefore, that he is entitled to no day in court, is to assume against him the very point he may wish to contest," and the court points out the very marked distinction between that kind of a case and one where a judgment is rendered in the New England states against a town—saying: " In the New England states it is held that a judgment obtained against a town may be levied upon and made out of the property of any inhabitant of the town. The suit in those states is brought in form against the inhabitants of the town, naming it; *the individual inhabitants, it is said, may and do appear and defend the suit,* and hence it is held that the individual inhabitants have their day in court, are each bound by the judgment, and that it may be collected from the property of any one of them. *This is local law peculiar to New England.* It is not the law of this country generally, or of England."

In *Beardsley v. Smith*, 16 Conn. 368, when speaking of the binding force of a judgment against the inhabitants of a town, the supreme court say : " The writs have issued against the inhabitants of towns, societies and districts *as parties*. As early in the history of our jurisprudence as 1705 a statute was enacted authorizing communities, such as towns, societies, etc., to prosecute and defend suits, and for this purpose, to appear, either by themselves, agents or attorneys. If the inhabitants were not then considered as parties individually, and liable to the consequences of judgments against such communities, as parties, there would have been a glaring impropriety in permitting them to appear and defend, by themselves; *but if parties, such a right was necessary and indispensable."* Take the converse of the proposition thus announced by the supreme court of Connecticut and apply it here : If it would be a " glaring impropriety"

to permit a citizen of a county to appear and defend where he was not a party, and could not be bound by the judgment, would not the " impropriety" be still more "glaring," would it not amount to the grossest injustice to refuse him opportunity to appear and defend, and still hold him bound by the judgment ? If it would not, then I confess my utter inability to understand either the force and effect of the English language, or to draw the simplest inference from the plainest premise.

The case of *Clark v. Wolf*, 29 Iowa 197, is relied on by the majority to support their position that a judgment against a county binds and concludes every citizen thereof. That case, if it goes so far, is the only one that does, and has not a single authority to support it; is contrary, as already seen, to the text-books and the cases I have cited, and has no sound reason upon which it can rest.   But that case does not, as I read it, announce in lla its broadness, the position taken by my associates,   The facts of that case are peculiar, and entirely different, as I conceive, from this one.   There one Berryhill, for himself and other citizens and tax-payers, had brought suit against the county to enjoin the collection of certain railroad taxes; he was successful, and the injunction was, by the state court, made perpetual.   Afterward, the county was sued in the circuit court of the United States for the district of Iowa, and pleaded the injunction granted by the state court in favor of Berryhill and others; but the Federal court held the answer insufficient, the injunction void, and awarded a peremptory mandamus for the collection of the tax.   And the supreme court of Iowa placed special stress upon the fact that Clark being a citizen of the county and the injunction suit of Berryhill and others being brought *for himself and others, citizens of the county*, and the question being one of common interest, all the citizens are treated and accepted in theory as parties and standing as Berryhill does," and that court placed special and additional stress upon the further fact, *italicizing* the words :   That in the Federal

court when the county was sued, " *the injunction proceedings were pleaded and held not to be a bar.*"

How different the case before us! Clark, when Berrynill sued to enjoin the county, could, as one of the citizens thereof, have been made a co-plaintiff, and when the county was sued in the Federal court, could very properly have intervened and been made a party defendant—thus bringing that case within the rule, I, relying upon the authorities quoted, have heretofore announced. These remarks are sufficient to dispose of the case of *Clark v. Wolf*, and the ruling of the majority of this court based thereon. If that case goes further than the view I have taken of it, it does so in flat disregard of all precedent, all principle, all authority, and in the very teeth of the plainest dictates of natural justice—which forbid a man from being deprived of any right until opportunity be first given him to be heard in his defense.

## II.

If the above views be correct, then it must needs follow that the judgment against Greene county does not bind Rainey. Consequently the alleged debt sued on in the Federal court, is not, as to him, " merged in the judgment." He is a stranger thereto and may urge all such objections as any other stranger might urge against either the validity of the debt or the validity of the judgment.

## III.

This court, in *State ex rel. Wilson v. Garroutte*, 67 Mo. 445, held the bonds in that case, being of the same class as those now in controversy, were absolutely void. A like result was reached by this court in respect to similar bonds, in *State ex rel. Barlow v. Dallas County Court*, 72 Mo. 329. To that ruling a majority of this court still adhere. But it is said we must not " *interfere with the power of the Federal court.*" I grant it—I think, however, it will be time enough to discuss *that* point when such interference

is asked. At this time we are not called upon to "interfere" with Federal process. The defendant, by this appeal, simply calls upon us to say whether we will, by our State officers and State courts, assiduously assist a Federal court in collecting from him a tax for the payment of bonds which on our oaths we have twice said are unconstitutional and void! The supreme court of Iowa, in the case of *Clark v. Wolf, supra,* and *Ex parte Holman,* 28 Iowa 88, have said that they would not interfere with and thwart the process of the Federal courts, and so say I. But interference with Federal courts is one thing, and actively aiding them is another and very different thing. In this respect I concur with Dillon, C. J., in the case last cited, where, he speaking for the court, says: " Because the national Supreme Court decides that the bondholders may enforce their bonds in the courts of the United States, this court is not bound to follow that decision and hold that they may recover thereon in the state courts." But my brethren, with compliant complaisance, open wide the doors of our State courts, bid our county collectors enter those courts, sue our citizens for the collection of unconstitutional and void taxes, and assure these tax-gatherers that, when they recover judgments, those judgments shall be in all things affirmed. Others may say this, I for one, never shall.

Having said, as the organ of this court on two occasions, that such and similar bonds were void, I cannot consistently with my ideas of duty, assist in their collection. I will, as I ought, refrain from interfering with the jurisdiction or process of the Federal courts, but when they render judgments on bonds which our laws, and our constitution, as expounded by us, pronounce void, I will not so far stultify myself and the record I have made, I will not so far bow the knee to Federal usurpation as to become an aider and abetter in the collection of what I regard, and what this court has said are unlawful and unjust claims. This court, in *Garroutte's case, supra,* refused to permit the county collector of Greene county to recover judgment for

railroad taxes based on the same class of bonds as those in controversy in the suit of Davis against Greene county. Now, while this court still professedly adheres to that ruling, it says, *in effect*, to the bondholders: "Your bonds are unconstitutional and void, and we will not allow you to recover on them in our State courts, if you bring suit in those courts in the *first instance;* but if you will exercise your customary ingenuity; if you will sue the county on those bonds in the Federal courts, recover judgment, get a mandamus against the county, we will *construe* the judgment against the county to be a judgment against every tax-payer in it; permit the county collector to recover judgment against each tax-payer in our own courts, and when the tax-payer asks the poor privilege of being heard, we will tell him that his lips are closed, and his rights cut off by a judgment to which he neither was nor yet could have been made a party!" This decision of the majority, in my humble opinion, instead of preserving the "integrity of each tribunal respectively," converts this court into the mere servile adjunct and appendage, the mere tax-gatherer of every petty Federal court in the country. For these reasons I am for reversing the judgment. And, in entering this, my feeble protest, I am painfully conscious that it will avail nothing. No, the die is cast! Henceforth *county* means and embraces *each citizen eo nomine.* Henceforth, a Federal court with a State court attachment, will trample our laws and our constitution into the dust and accomplish the realization of the wildest dreams of the lovers of consolidated power!

A motion for rehearing was overruled.