**[No. 3417.]**

## The Board of County Commissioners of Rio Grande County v. Burpee.

Collateral Attack—Res Judicata—Jurisdiction.

Where a judgment is presented to a court for affirmative action (as in mandamus to compel the levy of a tax to pay it), the court is not authorized to go behind it for the purpose of examining the validity of the cause of action upon which it was entered. Upon this issue the judgment is *res judicata*. In such a case, although the construction of a provision of the constitution may have been necessary to a determination of the original action, that question is not so involved in the proceeding to enforce the judgment as to give this court jurisdiction to review the mandamus proceedings.

*Appeal from the District Court of Arapahoe County.*

Mr. Jesse Stephenson and Mr. C. M. Corlett, for appellant.

Messrs. Doud & Fowler, for appellee.

Mr. Charles G. Clements and Mr. Willard Teller, *amici curiæ*.

Mr. Justice Goddard delivered the opinion of the court.

This is an appeal from a judgment awarding a peremptory writ of mandamus compelling appellant to levy a tax to pay certain judgments. A motion to dismiss the appeal is interposed upon the ground that this court, under and by virtue of the provisions of section 1 of the act providing for the court of appeals (p. 118, Sess. Laws, 1891), is without jurisdiction to entertain the same. This section enacts:

"No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided*, this limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of the case." * * *

It is conceded that this case does not fall within either of the enumerated exceptions unless the construction of some provision of the state constitution is necessary to a determination of the case, and that such question was properly raised for decision in the court below by those defenses attacking the validity of the original cause of action upon which the judgment was founded. That is to say, if, in a mandamus proceeding to enforce the payment of a judgment duly rendered, the court can go back of the judgment, and ascertain whether the indebtedness sued on was invalid because in excess of that authorized by section 6, article 11, of the constitution, then a constitutional question is presented by this record; otherwise not.

An examination of the authorites cited *pro* and *con* upon this question satisfies us that the rule uniformly adopted is to the effect that in a proceeding like this, where a judgment is presented to a court for affirmative action, while the court may go behind the judgment "for the purpose of ascertaining whether the claim is really one of such a nature that the

court is authorized to enforce," it cannot do so for the purpose of examining the validity of the original cause of action. Upon this issue the judgment is *res adjudicata*. *Wisconsin v. Pelican Ins. Co.*, 127 U. S. 265; *Louisiana v. Mayor of New Orleans*, 109 U. S. 285; *Louisiana v. St. Martin's Parish*, 111 U. S. 716; *Franklin County v. German Savings Bank*, 142 U. S. 93; *Boynton v. Ball*, 121 U. S. 457; *United States v. New Orleans*, 98 U. S. 381; *Town of Lyons v. Cooledge*, 89 Ill. 529; *Davenport v. County of Dodge*, 105 U. S. 237; *Ralls County Court v. United States*, 105 U. S. 733.

The latter case, in its essential facts, is similar to the case at bar. To the alternative writ of mandamus defenses were set up which related to the validity of the coupons on which the judgment had been obtained; and, passing upon these defenses, Chief Justice Waite, who delivered the opinion of the court, said:

" As to all these defenses, it is sufficient to say it was conclusively settled by the judgment which lies at the foundation of the present suit, that the coupons were binding obligations of the county, duly created under the authority of the charter of the railroad company, and, as such, entitled to payment out of any fund that could lawfully be raised for that purpose. It has been in effect so decided by the supreme court of Missouri in *State v. Rainey* (74 Mo. 229), and the principle on which the decision rests is elementary. * * * The only defenses that can be considered are those which may be presented in the proper course of judicial procedure against the collection of valid coupons, executed under the authority of law and reduced to judgment. While the coupons are merged in the judgment, they carried with them into the judgment all the remedies which in law formed a part of their contract obligations, and these remedies may still be enforced in all appropriate ways, notwithstanding the change in the form of the debt."

Summed up, the doctrine of the foregoing and kindred cases is that the judgment conclusively determines the validity of the claim against the county, but gives no new rights

in respect to the means of payment. Hence the court will go behind the judgment to determine only what means were provided for the payment of the original claim, in order to apply the same to the payment of the judgment.

The case of *Brownsville v. Loague*, 129 U. S. 493, is relied on as announcing a contrary doctrine, and as an authority for the right of the court to go behind the judgment and determine the validity of the original indebtedness upon which the judgment was rendered. That case is clearly distinguishable from the case under consideration. The relator, in pleading his cause of action, did not rely exclusively upon the judgment, but set out and relied upon facts prior to the judgment, and the right to relief was predicated upon the original indebtedness; and the court holds that inasmuch as the relator, in stating his cause of action, went back of the judgments, the respondent might do the same. *Franklin County v. German Savings Bank, supra.*

It is therefore apparent that that decision is not authority in this case. Our conclusion is that the defenses predicated upon the invalidity of the original warrants, upon which the judgments in this case were rendered, are not available in this proceeding; and hence the construction of no constitutional question is involved in the determination of the case. Consequently this court is without jurisdiction to entertain this appeal. The motion is therefore sustained, and the appeal dismissed.

*Appeal dismissed.*