THE STATE ex rel. MORGAN COUNTY et al. v.
WILDER, State Auditor.

In Banc, November 22, 1906.

COUNTY RAILROAD BONDS: Reimbursement of County: Un-
constitutional. The act of the General Assembly of March 23,
1868, entitled, "An act to facilitate the construction of railroads
in the State of Missouri," being unconstitutional and void, a
subsequent act to reimburse a county out of the State revenues
in the amount paid by the county in liquidation of the bonds
issued by the county in pursuance of the act of 1868, is also
unconstitutional and void.

Mandamus.

PEREMPTORY WRIT DENIED.

*H. E. Neville, W. T. S. Agee, B. F. Glahn and E.
W. Nelson* for relators.

Section 5 of the act of 1868 provides that in all
cases where railroads are built under the provisions
contained in said act, the proceeds of all state taxes lev-
ied upon such railroad shall be paid into the treasury of
the county where collected and apportioned to the pay-
ment of the bonds issued by such county for the con-
struction of such railroad. Morgan county having er-
roneously paid the taxes so raised and collected into
the State Treasury, the Legislature in 1905 directed the
State Auditor to draw his warrant on the State Treas-
urer for said sums of money payable to the county
treasurer of Morgan county. (1) The act of 1868 is
constitutional. State ex rel. v. Linn Co. Court, 44 Mo.
504; Cass Co. v. Johnson, 95 U. S. 360; Cass Co. v.
Jordan, 95 U. S. 373; Daviess Co. v. Huidekoper, 98
U. S. 102; Douglass v. Pike Co., 101 U. S. 677; Knox
Co. v. Bank, 147 U. S. 91. (2) Some weight should be
given to the legislative construction of the act. Webb

v. LaFayette Co., 67 Mo. 369; secs. 9257, 9386, R. S. 1899; Laws 1899, p. 30.    (3) The act of 1905 does not contravene section 53, article 4, Constitution of 1875, providing that "the General Assembly shall not pass any local or special law . . . remitting fines, penalties and forfeitures or refunding moneys legally paid into the treasury."    (b) Neither is it violation of section 46, article 4, Constitution of 1875, prohibiting the Legislature from "making any grant, or authorizing the making of any grant of public money or thing of value to any individual, association of individuals, municipal or other corporations whatsoever . . . except in case of public calamity," for the reason that this act does not make any grant, or authorize the making of any grant of public money.    This money is not public money, but Morgan county's money inadvertently and illegally and erroneously paid into the State Treasury, and this act simply provides for the taking from the State Treasury money that does not belong to the State but to Morgan county.  (c) Neither does this act contravene sections 45 and 47 of article 4, Constitution 1875.    The credit of the State or township is not loaned; they act in the capacity of agents.    State ex rel. v. Linn Co. Court, 44 Mo. 504. The court is respectfully and earnestly requested to reconsider its opinion in State ex rel. v. Walker, 85 Mo. 41, which announces to the contrary.    The constitutionality of the act of 1868 was affirmed by this court very soon after its passage.    State ex rel. v. Linn Co. Court, 44 Mo. 504.    This case was decided at the October term, 1869.    This court decided the act to be constitutional, and granted the writ compelling the issuance of the bonds.    Other counties relying on that opinion of this court, among them Morgan county, issued bonds under the provisions of said act of 1868, and this court will hesitate to interfere with previous adjudications where, on the faith of such decisions, property has been acquired or money invested.    State ex rel. v. Sut-

terfield, 54 Mo. 391; State ex rel. v. Woodson, 67 Mo. 338; Douglas v. Pike Co., 101 U. S. 687; Ralls Co. v. Douglas, 105 U. S. 728. When these bonds were issued they had the sanction of (a) the Legislature; (b) the judiciary as announced in the case of State ex rel. v. Linn County Court, 44 Mo. 504. (c) Since that time bonds issued under the same law have been upheld in many cases in the Federal·circuit courts, and in the United States Supreme Court. They continued to receive the sanction of the courts of this State until the United States Supreme Court, in Horshman v. Bates County, 92 U. S. 469, held the law of 1868 unconstitutional, and notwithstanding the fact that that eminent tribunal at the earliest opportunity, in Cass County v. Johnson, 95 U. S. 360, about one year later, expressly overruled its former opinion, this court has never adopted the latest ruling of the United States Supreme Court.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The act approved April 12, 1905, is void and unconstitutional. State ex rel. v. Walker, State Auditor, 85 Mo. 41; secs. 46, 47, 48 and 53, art. 4, Const. 1875; Webb v. Lafayette County, 67 Mo. 353.

FOX, J.—This is an original proceeding in this court instituted by Morgan county in the State of Missouri, and J. W. Johnson, treasurer of Morgan county, by which it is sought to obtain a peremptory writ of mandamus to compel the respondent, as State Auditor, to issue two warrants in favor of relator, J. W. Johnson, Treasurer of Morgan county, one for the sum of $2,139.80, and the other for the sum of $1,933.25, according to the provisions of an act of the General Assembly, approved April 12, 1905.

The provisions of said act are as follows:

It is entitled, "An act for the reimbursement of

Morgan county, out of the State revenue and State interest funds, for moneys heretofore paid into the State treasury belonging to said county.''

Section 1 provides: ''That there shall be and is hereby appropriated out of the State revenue fund the sum of two thousand one hundred and thirty-nine dollars and eighty cents to reimburse Morgan county for moneys paid into the State Treasury by said county for the benefit of said State revenue fund between the years 1880 and 1902, inclusive, on account of proceeds of tax paid by the Osage Valley and Southern Kansas Railroad, now called the Boonville, St. Louis and Southern Railway, and which, under the provisions of section 5 of an act entitled, 'An act to facilitate the construction of railroads in the State of Missouri,' approved March 23rd, 1868, said county was entitled to and should have retained.

''Sec. 2.    That there be and is hereby appropriated out of the State interest fund the sum of one thousand nine hundred and thirty-three dollars and twenty-five cents, to reimburse Morgan county for moneys paid into the State Treasury by said county for the benefit of said State interest fund between the years 1880 and 1902, inclusive, on account of proceeds of tax paid by the Osage Valley and Southern Kansas Railroad, now called the Boonville, St. Louis and Southern Railway, and which under the provisions of section 5 of an act entitled, 'An act to facilitate the construction of railroads in the State of Missouri,' approved March 23, 1868, said county was entitled to and should have retained.

''Sec. 3.    The State auditor is hereby authorized and directed to draw warrants on the State treasurer for the respective amounts as specified and provided in sections 1 and 2 of this act, in favor of the treasurer of Morgan county, and the State treasurer is hereby authorized and directed to pay the same upon presentation.''

The State Auditor having refused to issue the warrants as provided by the act as herein indicated, upon application of relators this court on the 4th day of June, 1906, issued its alternative writ of mandamus, directed to the State Auditor, the respondent in this proceeding. The respondent filed the following return to the alternative writ:

"Comes now the respondent and for his return to the alternative writ of mandamus herein, says that he admits that the respondent is the duly elected, qualified and acting auditor of the State of Missouri; admits that the relator, J. W. Johnson, is the duly elected qualified and acting treasurer of Morgan county, Missouri; admits that the General Assembly of the State of Missouri passed the act of Mach 23, 1868, referred to in the alternative writ of mandamus; admits that the General Assembly of the State of Missouri passed the act of April 12, 1905, referred to in the alternative writ of mandamus, and admits that Morgan county paid into the State Treasury of Missouri the amount of money and at the time as stated in the alternative writ of mandamus.

"And for his other and further return respondent says that said act of the General Assembly, passed and approved April 12, 1905, is unconstitutional and void, because in conflict with and in violation of section 46 and section 53 of article IV of the Constitution of Missouri.

"Wherefore the respondent prays the court that no peremptory writ of mandamus issue, and that he may be discharged and go hence without day."

This constitutes the record in this proceeding, and it is now before us for consideration.

### OPINION.

The proposition presented for consideration by the record in this proceeding is by no means a new one. For more than a quarter of a century the question now

presented by relators has been regarded as settled by the former adjudications of this court. The act of the Legislature approved April 12, 1905, has for its foundation the act of the General Assembly approved March 23, 1868, entitled, "An' act to facilitate the construction of railroads in the State of Missouri," and it is manifest that if the act of 1868 is unconstitutional and void it logically follows that the act of 1905, upon which this proceeding is predicated, is without force or vitality. The foundation having fallen the structure upon which it rests must necessarily fall with it.

The first time that the act of 1868 was brought to the attention of this court was in the case of State ex rel. v. Linn County Court, 44 Mo. 504. The conclusions reached in that case were predicated upon substantially the following state of facts: In 1869 Linn county, in pursuance of the provisions of the act of 1868, voted a subscription to the North Missouri Central Railroad Company, but the county court refused to issue and deliver the bonds to the said company, contending that the act of 1868 was unconstitutional for the reason that it was obnoxious to section 14 of the Constitution of this State. A mandamus proceeding was instituted in the Supreme Court to compel the Linn county court to issue the bonds, and this court made the alternative writ peremptory and ordered the county court to issue and deliver the bonds to the railroad company.

Again, this court in 1878, in the case of Webb v. Lafayette County, 67 Mo. 353, had in judgment the constitutionality of the act of 1868. NORTON, J., speaking for this court, held the act of 1868 unconstitutional and void. In that case the opposing parties were represented by able counsel, and all of the authorities applicable to the question of the constitutionality of the act in judgment were carefuly and fully reviewed by the learned judge delivering the opinion in that case. Judge NORTON, after reviewing all of the authorities upon the subject, finally reviews the Linn county case,

upon which relators in this proceeding chiefly rely for support of their contentions. He thus made reference to that case: "In the Linn county case the point was made that the bonds, for the issuance of which the proceeding was instituted, would be, if issued, the bonds of the county, and not of the townships, and therefore obnoxious to section 14 of the Constitution, and the question of power was not raised. It is insisted that this court, by its former adjudications, is precluded from a consideration of the validity of the act of 1868, and the doctrine of *stare decisis* has been invoked and pressed on our attention. If the constitutionality of this act had been heretofore fully presented and considered and declared valid, thereby establishing a rule of property, we would hesitate long before overturning or unsettling it in any degree. We think this has not been done, and the case on which the claim is based is that of State ex rel. v. Linn County Court, 44 Mo. 504, in which the points now before us were neither made nor considered and all that it decided was that a bond issued under the terms of the act would not, in any sense, be a county, but to all intents and purposes a township bond. The question before us was neither made nor considered in that or any other case, and this is conceded by the court in the case of Cass County v. Johnston, 95 U. S. 360, in which it is said that 'it is true that the objection now made to the law was in no case presented or considered.' "

In State ex rel. Stamper v. Holladay, 72 Mo. 499, the case of Webb v. Lafayette County, supra, was expressly approved, and it was again approved, in Hays v. Dowis, 75 Mo. 250.

It is conceded that in the case of State ex rel. Prairie Township v. Walker, 85 Mo. 41, substantially the same question was involved as in the case at bar. The proceeding in that case was predicated upon an act of the Legislature approved March 19, 1881, requiring the State Auditor, on a proper and sufficient

showing, to refund certain taxes, by drawing his warrant for the amount of the same, which had been collected from the railroad under the provisions of the act of 1868 and paid into the State Treasury. The auditor in that case, as in the case at bar, declined to issue the warrant in obedience to the provisions of the act of 1881, on the ground that the act of 1868, as well as the act of 1881 predicated upon it, were unconstitutional and void; whereupon the relator, as in this case, sought by application to this court a writ of mandamus to compel him to comply with the provisions of the act of 1881. These two cases being so clearly identical and the contentions of the relators in the case at bar being so fully answered in the Prairie Township case, it becomes important to know precisely what this court said in adjudicating that case; therefore, we feel warranted in quoting briefly from the discussion of the proposition in that case as well as the conclusion reached. In treating this question it was there said:

"It may be conceded that if the acts of March 23, 1868, and March 19, 1881, are constitutional and valid enactments, then, upon a proper and sufficient showing, as indicated in the act of 1881, it was the plain duty of the auditor to comply with the demand made upon him, and his refusal to do so would authorize the award of the writ called for. But if said acts are not valid and constitutional enactments, then it was equally his plain duty to refuse, as he did. Under repeated decisions of this court, the question of the constitutionality of the act of 1868 has been settled, and is no longer an open question with this court. [Webb v. Lafayette County, 67 Mo. 353; State ex rel. Woodson v. Brassfield, 67 Mo. 331; Hays v. Dowis, 75 Mo. 250.] In the case of State ex rel. Stamper v. Holladay, 72 Mo. 499, and State ex rel. Wilson v. Rainey, 74 Mo. 229, the former rulings of this court are in no proper sense departed from, but expressly recognized and approved. The

correctness of the reasoning in the case of Webb v. Lafayette County, supra, is so accurate and comprehensive, and so logical and conclusive, that any effort to add to or improve the same is wholy useless, if not out of place.

"For the reasons there stated we may confidently rely on the correctness of the rulings in that case and those that follow, and concur therein, and we need not at length here reiterate or restate them. The fact that in suits, at the instance of bondholders, against said township, a different ruling had been made, and said act of 1868 held valid and constitutional in another tribunal, having jurisdiction and competent authority to pass upon the question, is no reason why, in a proceeding in this court, like the present, we should now depart from our former rulings heretofore made, or grant the relief here prayed for. The fact, also, that the people of Prairie township, Bates county, may have been induced, as alleged, by the seeming authority of the act of 1868, to make said subscription and enter into said contract, while it may be the occasion of much regret and hardship, still, if unconstitutional, as repeatedly held, it furnished no constitutional authority for enforcing its otherwise unauthorized provisions, or for the subsequent act of 1881, which is equally invalid as that of 1868, and for the same reasons, and, also, for like reasons under sections, 45, 46 and 47, of the fourth article of the Constitution of 1875."

We have thus pointed out the views of this court as expressed in the former adjudications upon this subject, and they must be regarded as decisive of the question presented in this proceeding.

Our attention is directed to the case of Cass County v. Johnston, 95 U. S. 360, which overruled the case of Harshman v. Bates County, 92 U. S. 569, and other subsequent cases adhering to the Cass county case, and upon the strength of those cases we are asked to reconsider the former adjudications by this court.

The proposition involved in this proceeding was most exhaustively treated in the Lafayette county case in the 67 Mo., which was followed and approved in the 72, 75 and 85 Mo., in all of which cases this court had confronting it the ruling in the Cass county case by the Supreme Court of the United States, yet it declined to change in any way the conclusions reached as announced in those cases.

We regard the question before us as no longer an open question in this State. It has long since been settled by repeated adjudications of this court, and after a most careful consideration of all the authorities to which our attention has been directed, we see no substantial legal reason for departing from the rules announced upon this subject in the former decisions of this court.

The peremptory writ of mandamus should be denied, and it is so ordered. All concur, except *Lamm, J.*, who dissents.